UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON R. CALLINS, | Case No. 1:17-cv-00840-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL |
| v. | (ECF NO. 1) |
| M. D. STAINER, et al., | |
| Defendants. | |

Carlton R. Callins ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 23, 2017, Plaintiff filed the complaint commencing this action. (ECF No. 1). The complaint included a request for counsel (although there was no explanation as to why Plaintiff believes counsel should be appointed in this case). (Id. at 8).

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances

the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims.  The complaint commencing this action was filed a week ago.  The complaint is still awaiting screening, and Plaintiff has not yet filed his application to proceed in forma pauperis or paid the filing fee.  Moreover, based on the complaint, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his request for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's request for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 30, 2017**     /s/ Eric P. Grosjean
  UNITED STATES MAGISTRATE JUDGE