UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON R. CALLINS,<br><br>    Plaintiff,<br><br>v.<br><br>C. PFEIFFER, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00840-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF NO. 23)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

    Carlton Callins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 23, 2017. (ECF No. 1). On June 21, 2018, the Court found service of the complaint appropriate and directed Plaintiff to complete and return the service documents within thirty days. (ECF No. 20).

    On July 20, 2018, Plaintiff filed a motion for an order directing a law librarian at his institution of confinement to allow him to make copies of his complaint so that he could serve Defendants. (ECF No. 22). On July 30, 2018, the Court denied Plaintiff's motion, ordering that "Plaintiff has thirty days from the date of service of this order to complete and return the service documents (which are identified in the order dated June 20, 2018 (ECF No. 20)) or to file another motion for copies in compliance with the instructions [in this order]." (ECF No.

23, p. 2).

The deadline for Plaintiff to complete and return the service documents or file a motion for copies with more information has passed, and Plaintiff failed to do either. Accordingly, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to comply with a court order and failure to prosecute. However, the Court will vacate these findings and recommendations if, within the objection period, Plaintiff completes and returns the service documents or files a motion for copies in compliance with the instructions in the Court's order entered on July 30, 2018 (ECF No. 23).

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639. As described above, the Court directed Plaintiff to complete and return the service documents. As Plaintiff was apparently having trouble getting the necessary copies of his complaint, he filed a motion for the Court to order a law librarian at his institution of confinement to allow him to make copies. Because Plaintiff's motion included almost no information, Plaintiff's motion was denied and Plaintiff was directed to complete and return the service documents or file a motion for copies with more information. (ECF No. 23). Plaintiff failed to do either. This non-compliance is delaying this case and interfering with docket management. Therefore, the second factor

weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and as described above, it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice, based on Plaintiff's failure to prosecute this case and failure to comply with the Court's order entered on July 30, 2018 (ECF No. 23); and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 5, 2018**        /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE