# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON R. CALLINS,<br><br>        Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et al.,<br><br>        Defendants. | Case No. 1:17-cv-00840-DAD-EPG (PC)<br><br>ORDER ON DEFENDANTS' MOTION TO SEVER<br><br>ORDER SEVERING CLAIMS AND DIRECTING CLERK TO OPEN NEW ACTION FOR PLAINTIFF'S EIGHTH AMENDMENT EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS J. CERVANTES, J. GUZMAN, J. PENA, J. LOPEZ, I. PADILLA, AND J. ESCUTIA<br><br>(ECF NO. 38) |

## I.     BACKGROUND

Carlton Callins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's claims against defendant C. Kyt for violation of the Eighth Amendment for sexual harassment and/or assault; against defendants Garrison, Zamora, Manson, Pfeiffer, and Duncan for failure to protect in violation of the Eighth Amendment; and against defendants J. Cervantes, J. Guzman, J. Pena, J. Lopez, I. Padilla, and J. Escutia for excessive force in violation of the Eighth Amendment. (ECF Nos. 18, 21, & 24).

On January 18, 2019, Defendants[1] filed a motion to server. (ECF No. 38). Defendants

---

[1] All defendants have appeared and are represented by counsel Robert Perkins, except for defendant Zamora (who has not yet been served).

1

argue that this case should be severed into two separate actions because the claims against defendants Kyt, Garrison, Pfieffer, Mason, and Duncan do not arise out of the same transaction or occurrence as the claims against defendants Cervantes, Guzman, Lopez, Pena, Padilla, and Escutia, and also do not share common questions of law or fact with those claims.

Plaintiff did not respond to the motion.

For the reasons described below, Defendants' motion to sever will be granted in part.

## II. DEFENDANTS' MOTION TO SEVER

Defendants argue that Plaintiff "improperly joined unrelated defendants in the same lawsuit. Plaintiff alleges that an officer sexually assaulted him in 2015 while other officers failed to protect him by ignoring his complaints. Separately, Callins alleges that a different set of officers used excessive force against him during a cell extraction on May 24, 2016." (ECF No. 38-1, p. 1). As the claims arise out of different occurrences, and as there are no common questions of law or fact shared by the occurrences, Defendants ask the Court to sever the claims stemming from the sexual assault allegations from the claims stemming from the excessive force allegations. (Id. at 1-2).

Even if the claims were properly joined, Defendants argue that they should still be severed because the joinder is deeply prejudicial to Defendants. (Id. at 6). As all defendants "are employed by CDCR, [] there is a substantial risk, that, by virtue of the fact that all of Plaintiff's allegations arise from the same institution, the fact finder may infer liability by association without more, even though these claims are legally and factually discrete and require individualized determinations." (Id. at 7). "The sexual assault allegations amplify the undue prejudice in this case, as evidenced by the Ninth Circuit's conclusion that such allegations are tantamount to a per se Eight Amendment violation." (Id. at 6-7).

Finally, Defendants argue that no substantial right of Plaintiff's will be harmed if the Court severs the action and requires Plaintiff to file a separate action because the statute of limitations has not yet run on the claims. (Id. at 7).

## III. LEGAL STANDARD

A Plaintiff may not proceed in an action on unrelated claims against different

defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). "The controlling principle appears in Fed.R.Civ.P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or thirdparty claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed.Appx. 791 (9th Cir. 2015) (alteration in original) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir.2007). See also Fed. R. Civ. P. 20(a)(2) ("Persons… may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

Federal Rules of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See, e.g, Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296-97 (9th Cir. 2000); Maddox v. County of Sacramento, 2006 WL 3201078, *2 (E.D. Cal. Nov. 6, 2006).

**IV.   ANALYSIS**

Defendants are correct that the sexual assault claims and the excessive force claims arose from separate occurrences, and that the claims arising from the sexual assault allegations do not share common questions of law or fact with the claims arising from the excessive force allegations.

Defendants are also correct that no substantial right of Plaintiff's will be harmed if the

case is severed. Plaintiff's claims will still proceed, just in separate actions. And, given the posture of the case, severing the claims will not hinder the progression of Plaintiff's claims.

Additionally, Plaintiff did not respond to the motion. Under this Court's local rules, "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion…." Local Rule 230(l).

Thus, the Court will order that the claims be severed. However, there appears to be no reason to require Plaintiff to file a new action. This Court has already screened the complaint and found cognizable claims, and most defendants have already appeared. Therefore, in the interest of judicial economy, instead of requiring Plaintiff to file a new case (which would require screening and service of defendants), the Court will direct the Clerk to open a new case for the severed claims.[2] The new case will include all items on the docket, and all deadlines (including Defendants' deadline to file an answer) will remain the same.

### III. ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. This case shall proceed only on Plaintiff's claims stemming from the sexual assault allegations, that is, Plaintiff's claims against defendant C. Kyt for violation of the Eighth Amendment for sexual harassment and/or assault; and against defendants Garrison, Zamora, Manson, Pfeiffer, and Duncan for failure to protect in violation of the Eighth Amendment.
2. The Clerk of Court is directed to:
   a. Open a new § 1983 action for Plaintiff.
   b. Assign the new action to the Magistrate Judge and District Judge to whom the instant case is assigned;
   c. File and docket a copy of all items docketed in this case (including this order) in the newly opened action.

---

[2] The Court notes that Defendants appear to ask for this remedy as an alternative remedy to requiring that a new case be filed. (ECF No. 38-1, pgs. 7-8).

4

      d. Provide Plaintiff with the case number for the newly opened action.

3. The newly opened action will proceed only on Plaintiff's claim stemming from the alleged excessive force incident, that is, Plaintiff's claims against defendants J. Cervantes, J. Guzman, J. Pena, J. Lopez, I. Padilla, and J. Escutia for excessive force in violation of the Eighth Amendment.

IT IS SO ORDERED.

Dated: **April 3, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE