UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON R. CALLINS,<br><br>Plaintiff,<br><br>v.<br><br>C. PFEIFFER, *et al.*,<br><br>Defendants. | No. 1:17-cv-00840-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CASE WITHOUT PREJUDICE<br><br>(Doc. No. 55) |

Plaintiff Carlton R. Callins is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 4, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's case be dismissed due to failure to prosecute and failure to comply with court orders. (Doc. No. 55 at 3.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 3.) Plaintiff filed timely objections on March 16, 2020, and defendants replied on March 20, 2020. (Doc. Nos. 56, 57.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,

1

including plaintiff's objections and defendants' reply, the court will adopt the magistrate judge's recommendation that this action be dismissed without prejudice.

In his objections, plaintiff alleges that he sent a letter to the court on December 22, 2019, informing it that he had filed a third and final appeal of his inmate grievance on the same day. (Doc. No. 56 at 2.) In light of plaintiff's objections, the court will not dismiss this case for failure to prosecute or failure to comply with court orders.

The court will nevertheless adopt the magistrate judge's recommendation that this action be dismissed without prejudice, because plaintiff, by his own admission, failed to exhaust his available administrative remedies prior to filing suit as is required. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002); 42 U.S.C. § 1997e(a). As plaintiff admits in his objections, he only filed a third and final appeal with respect to his inmate grievance on December 22, 2019 and does not expect the exhaustion process to be completed until March 23, 2020. (Doc. No. 56 at 2.) This action, however, was filed on June 23, 2017, nearly three years earlier and it therefore must be dismissed. (Doc. No. 1.) *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Plaintiff, however, may re-file this case after he finishes exhausting his available administrative remedies if the action is not otherwise barred.

Accordingly:

1. The findings and recommendations issued on March 4, 2020 (Doc. No. 55) are adopted;
2. This action is dismissed without prejudice due to plaintiff's failure to exhaust his available administrative remedies prior to filing this action as is required; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 14, 2020**

_____
UNITED STATES DISTRICT JUDGE